IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| WEIWEI LI<br><br>                    Plaintiff<br><br>       -against-<br><br>MICHAEL CHERTOFF. Secretary of the U.S. Department of Homeland Security<br><br>EMILIO GONZALEZ, Director of U.S. Citizenship and Immigration Services<br><br>ROBERT S. MUELLER, Director, Federal Bureau of Investigations,<br><br>ANDREA QUARANTILLO, District Director of U.S. Citizenship and Immigration Services of New York<br><br>PETER KEISLER, Acting Attorney General of the United States, Department of Justice<br><br>UNITED STATES OF AMERICA<br><br>                    Defendants | ECF CASE<br><br>Index:    07-CV-10672<br><br>Hon Magistrate Judge: Pitman<br><br><br><br>COMPLAINT FOR DECLARATORY JUDGEMENT IN THE NATURE OF MANDAMUS |

-----------------------------------------------------------------X

Plaintiff, WEIWEI LI, by and through her counsels, The LAW OFFICES OF WONG, WONG & ASSOCIATES, P.C. for her complaint against Defendants, hereby allege as follows:

**NATUARE OF ACTION**

Plaintiff is a lawful permanent resident of the United States, who has applied to be naturalized as a United State citizen. She seeks to pledge allegiance to the United States and to participate fully in civic society.

The United States Citizenship and Immigration Services (CIS) must render a decision on an applicant's naturalization application within 120 days of the applicant's examination when the

1

applicant has met all legal requirements for naturalization under the law. 8 C.F.R. § 335.3(a) and 8 U.S.C. §1447 (b). Defendants have unreasonably and unlawfully delayed rendering a decision on Plaintiff's naturalization application after she has met all the legal requirements on the ground of security check. Defendants unlawful conduct has deprived Plaintiff of the privileges of United States citizenship and has prevented her from fully participating in civic society.

Therefore, Plaintiff is forced to bring this underlying action to enforce the defendants to act upon their duty on a timely fashion.

Plaintiff respectfully request that this Court enter judgment declaring defendants action unlawful, assuming jurisdiction over Plaintiff's application for naturalization and granting such application, or alternatively, directing defendants to decide on Plaintiff's naturalization application within 90 days, and granting Plaintiff other relief requested herein.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 8 U.S.C. §1447(b) (District Court has exclusive jurisdiction over naturalization applications that have not been granted within 120 days, the statutory period), 28 U.S.C. §1331 (Federal questions), and Immigration and Nationality Act (INA) § 336(b), 5 U.S.C. § 702 (Administrative Procedures Act (APA)), 28 U.S.C. § 2201 (Declaratory Judgment Act), 28 U.S.C. § 1361 (mandamus), and 28 U.S.C. § 1651 (All Writs Act). action arises out of the, 8 U.S.C. §1447(b), *et. seq.* It also arises out of the Administrative Procedures Act (APA), 5 U.S.C. § 701, *et seq.*

2. Venue properly lies in this Court pursuant to 8 U.S.C. § 1447(b) (action shall be brought in judicial district where naturalization applicant resides), 8 U.S.C. § 1391 (e) (action against officers of United States may be brought in any district where "Plaintiff resides"). Specifically, Defendants conduct business in New York and operate within this district and all

administrative decisions regarding Plaintiff's application were made in the office in New York.

## EXHAUSTION OF REMEDIES

3. Administrative remedies have been exhausted. Plaintiff has filed and made inquiries with USCIS both by herself and through her attorney.

4. There is no administrative alternative to this complaint. The USCIS has made plain that the only way that an individual can require completion of a delayed security check is a mandamus or other federal court petition. [**Exhibit 1**].  Plaintiff has made more than 7 written and phone inquiries with USCIS by herself and through Congressman Vito Fossella at her district of residence. All responses from USCIS and DHS including named Defendant Andrea Quarantillo, indicate that Plaintiff has no other alternative administrative remedy available to her which could be taken by that agency to address the general issue this case presents. USCIS officials have stated that there are three types of security background checks for all applicants for immigration benefit: The Interagency Border Inspection (IBIS) Name Check, FBI Fingerprint Check and FBI Name Checks. FBI, USCIS and an unidentified agency or agencies that are conducting background check do not share the information with applicants. [**Exhibit 2**]. Plaintiff has no opportunity to request review of security background check with any of the defendants.

## PARTIES

5. Plaintiff, WEIWEI LI, is a citizen of China. She came to the United States on a student visa and earned her master and doctoral degrees in this county. Ms. Li became a lawful permanent resident of the United States in 2000.  Her address is at 355 Bard Avenue, Apt #1H, Staten Island, New York 10310.

6. Defendant Michael Chertoff, Secretary of the Department of Homeland Security (DHS), is ultimately responsible for administration and implementation of immigration law and

regulations (Immigration and Nationality Act (INA), 8 U.S.C. § 1101), including the laws and regulations governing naturalization process. Mr. Chertoff is authorized to delegate such powers and authority to subordinate employees of DHS. This action is brought against him in his official capacity.

7. Defendant Emilio Gonzalez is the Director of U.S. Citizenship and Immigration Services (USCIS). He is charged under 8 U.S.C. § 1103(c) and 8 C.F.R. with all responsibilities for processing and determining application for naturalization in accordance with the laws and regulations of the United States. He is sued in his official capacity only.

8. Defendant Robert S. Mueller III, is the Director of the Federal Bureau of investigation (FBI), the law enforcement agency that conducts all security clearance for other U.S. government agencies, such as the Department of State, DHS and USCIS. This action is brought against him in his official capacity.

9. Defendant Andrea Quarantillo, District Director of U.S. Citizenship and Immigration Services, New York, is the designee of Defendants Chertoff and Gonzalez, empowered with implementing benefits and services under the INA in the State of New York. As such, Defendant Director is the official with supervisory responsibility over the adjudication and action on Plaintiff's naturalization application at issue here. She is sued in her official capacity only.

10. Defendant, Peter Keisler, is the Acting Attorney General of the United States Department of Justice. Mr. Keisler is ultimately responsible for the operation of FBI, including the process of background checks conducted by FBI at the behest of CIS as part of the naturalization process. He is sued in his official capacity.

11. Defendant the United States of America includes all government agencies and departments of the United States responsible for implementing the INA and conducting "security background checks" at the behest of USCIS as part of the naturalization process.

**STATEMENT OF FACTS**

12. Plaintiff was admitted to the United States as a lawful Permanent Resident on September 28, 2000 [**Exhibit 3**] under Employment Based Immigration Category through National Interest Waiver. Immigrants who were admitted under this category possess exceptional professional ability to benefit the United States. She filed an application for citizenship (N-400) on September 9, 2005 [**Exhibit 4**].

13. Plaintiff did her biometrics, i.e fingerprints, on October 13, 2005 [**Exhibit 5**].

14. On February 3, 2006, Plaintiff's naturalization interview was scheduled and conducted by District Adjudicating Officer Tyrone Quinn at 26 Federal Plaza, New York. At the conclusion of the interview, Plaintiff was advised that she passed the interview and USCIS could not make a decision yet pending the security background check. [**Exhibit 6**].

15. One and half months (around 51 days) after the interview, Plaintiff wrote her first inquiry to USCIS on March 24, 2006 [**Exhibit 7**]. She received no response from USCIS.

16. Three and half months (around 117 days) after the interview, Plaintiff made 2nd written inquiry on May 31, 2006. [UU**Exhibit 8**].

17. On June 6, 2006, Plaintiff received USCIS response advising her that her application was still pending receipt of security checks. [**Exhibit 9**]

18. Seven months (around 208 days) after the interview, on September 14, 2006, in response to Petition's written inquiry dated September 8, 2006, USCIS advised Plaintiff that her application was pending for security check. [**Exhibit 10**]

19. Over ten months (around 326 days) after the interview, Plaintiff made her 4th inquiry with USCIS on December 26, 2006. [UU**Exhibit 11**]

20. Almost one year (around 350 days) after the interview, on January 18, 2007, Plaintiff made her 5th inquiry on her case status with USCIS Vermont Service Center. [UU**Exhibit 12**]. At

5

the same time, Plaintiff sought help from the office of Congressman Vito J. Fossella at her district on her pending N-400 application.

21. On February 6, 2007, Plaintiff received a rely from Congressman Vito J. Fossella, advising her that her case was delayed and Plaintiff was scheduled to re-take fingerprints on February, 2007 [**Exhibit 13**].

22. One year (around 369 days) after the interview, on February 7, 2007, USCIS local office in Manhattan responded to Plaintiff's January 18 letter, advising Plaintiff that processing of her case was delayed pending security background check. [**Exhibit 14**]. At the same time, Plaintiff received 2nd biometrics Notification from USCIS Manhattan office. [UU**Exhibit 15**]

23. On February 23, 2007, USCIS Vermont Service Center responded to Plaintiff advising her that her case was delayed for security check. [**Exhibit 16**].

24. On March 7, 2007, Plaintiff retook her biometrics in Brooklyn, New York as scheduled.

25. One year and two months (around 444 days) after the interview, Plaintiff made her 6th written inquiry to USCIS concerning the status of her case on April 23, 2007. [**Exhibit 17**]. USCIS did not respond..

26. One year and 6 months (around 574 days) after the interview, Plaintiff contacted FBI in August 2007 regarding her security check by calling FBI information line. Plaintiff was advised by an FBI Agent that her fingerprint was cleared in March 2007.

27. One year and 8 months (around 604 days) after the interview, Plaintiff contacted USCIS by phone on October 1, 2007. She was advised by an USCIS representative that her case status was clearly out of status, but the reason for the delay was unclear. The USCIS Representative also advised Plaintiff that they would contact local office regarding her application.

28. On or about October 6, 2007, Plaintiff received a standard rely from USCIS Manhattan office that her case was pending due to security check [**Exhibit 18**].

29. One year and 8 and half months after the interview (around 619 days), on October 16, 2007, the underlying counsel made an official inquiry on behalf of the Plaintiff with USCIS Manhattan office concerning the status of Plaintiff's naturalization application. The counsel advised USCIS local office that potential writ of mandamus would be filed. [**Exhibit 19**].

30. Receiving no response from USCIS, the undersigned counsel made the last attempt to resolve the issue with USCIS by writing to USCIS Manhattan office on November 14, 2007 [**Exhibit 20**]. A draft writ of mandamus petition was attached to the writing. By then, the case has been pending for over one year and 9 months (approximately 651 days) after Plaintiff's interview, and two years and two months, approximately 730 days after the filing of the naturalization application.

31. On November 20, 2007, USCIS responded to the inquiry as the case was still pending receipt of security checks. [**Exhibit 21**].

32. Plaintiff is a professional who has been residing in the United States for 7 years since she officially immigrated to the United State in 2000. Plaintiff has no criminal history nor is involved in any sort of profession that security background check could not be obtained through normal and timely process. Plaintiff has met all the requirements to be naturalized under the law.

33. Although FBI advised Plaintiff that her fingerprint had been cleared since March 2007, USCIS maintaining that Plaintiff's case is still pending receipt of security check indicates that either FBI name check or the IBIS name check or both may be the reason of delay.

34. To this date, Plaintiff's naturalization application has been pending over 787 days since Plaintiff's initial filing of the application and over 655 days since Plaintiff's naturalization interview.

35. Defendants' failure to timely process Plaintiffs' naturalization applications, including any name check, has violated Plaintiff's rights granted under the law and regulations of the United States, and prevented Plaintiff from participating in any civic society such as voting and juris duties, and deprived Plaintiff from enjoying other benefit granted to the citizens of the United States. The excessive delay has caused and will continue to cause irreparable injury to the Plaintiff. Plaintiff has no plain, speedy and adequate remedy at law.

**CAUSE OF ACTION**

**COUNT I**

(<u>RIGHT TO JUDICIAL DETERMINATION OF APPLICATION FOR NATURALIZATION PURSUANT TO 8 U.S.C. § 1447(B)</u>)

36. The allegations contained in paragraphs 1 through paragraph 35 above are repeated and realleged and incorporated as though fully set forth herein.

37. Defendants have unlawfully failed to render a decision on Plaintiff's naturalization application within 120 days after the date of her naturalization examination. Their action constitutes a violation of their responsibility to decide Plaintiff's citizenship application in a timely and efficient manner. 8 U.S.C. § 1447(b).

38. By the filing of the instant petition, this Court assumes exclusive jurisdiction over the claim. Plaintiff is thus entitled to a hearing on her naturalization application by this Court under 8 U.S.C. § 1447(b).

39. This Court should grant Plaintiff naturalization application pursuant to 8 U.S.C. § 1447(b), because Plaintiff has met all the requirements for naturalization.

40. In the alternative, this Court should remand Plaintiff's naturalization application to USCIS pursuant to 8 U.S.C. § 1447(b) with instruction to render a decision on such application within 90 days.

## COUNT II

<u>(UNREASONABLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT)</u>

41. The allegations contained in paragraphs 1 through paragraph 40 above are repeated and realleged and incorporated as though fully set forth herein.

42. The Administrative Procedure Act (APA) requires administrative agencies to conclude matters presented to them "within a reasonably time". 5 U.S.C. § 555(b).  A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed". 5 U.S.C. §706(1).  The district court may also hold unlawful and set aside agency action that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitation, or short of statutory right."   5 U.S.C. § 706(2)(C); or "without observance of procedure required by law." 5 U.S.C. § 706(2)(D).  "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act". 5 U.S.C. § 551 (13).

43. The failure of Defendants Chertoff, Gonzalez and Quarantillo, and the United States of America to render a decision on the Plaintiff's application for citizenship within 120 days of the date of her naturalization examination (February 3, 2006) on the basis of pending security checks, in violation of 8 U.S.C. § 1447(b) and 8.C.F.R §335, violates the APA. 5 U.S.C. § 555(b),  § 706(2)(A), 5 U.S.C. § 706(2)(C), 5 U.S.C. § 706(2)(D). 5 U.S.C. § 551 (13).

44. The failure of Defendant Mueller, Keisler, and the United States of America to timely complete Plaintiff's security check, with the full knowledge that USCIS requires the clearance of such security check before determining Plaintiff's naturalization application,

9

also violates the APA. 5 U.S.C. § 555(b), § 706(2)(A), 5 U.S.C. § 706(2)(C), 5 U.S.C. § 706(2)(D). 5 U.S.C. § 551 (13).

45. As a result of Defendants' action, Plaintiff has suffered and continues to suffer injury.

## COUNT III

<u>(UNREASONABLE DELAY IN VIOLATION OF OTHER REGULATIONS AND LAWS)</u>

46. The allegations contained in paragraphs 1 through paragraph 45 above are repeated and realleged and incorporated as though fully set forth herein.

47. Defendants Chertoff, Gonzalez and Quarantillo are authorized by their regulation, 8 C.F.R. § 103.2(b)(18) to withhold decision on Plaintiff's application for adjustment of status, if the Defendant District Director "…determines that an investigation has been undertaken…and the disclosure of the information to the applicant…would prejudice the ongoing investigation.". Defendants are not authorized to withhold adjudication for any other reasons. None of the correspondences between Plaintiff and USCIS indicates that such an investigation was undertaken by USCIS. Thus, Defendants are in violation of their own regulation.

48. Alternatively, if an investigation had been undertaken, 8 C.F.R. § 103.2(b)(18) requires individual review of the case every six months. All correspondence from the defendants indicates that no such reviews had been conducted in this case. It appears that defendants are in violation of 8 C.F.R. § 103.2(b)(18).

49. As a result of Defendants' action, Plaintiff has suffered and continues to suffer injury.

**WHEREFORE**, Plaintiff prey for entry of a judgment in favor of the Plaintiff and against Defendants as follows:

    (a)    Declaring unlawful (i) the failure of Defendants Chertoff, Gonzalez, Quarantillo and United States of America to grant Plaintiff's application for naturalization within 120 days of the naturalization examination. (ii) the

10

    failure of Defendants Keisler, Mueller and the United States of America to complete security checks within a reasonable time; and (iii) the Defendants' failures to take all necessary steps to adjudicate Plaintiff's application for naturalization within 120 days of the date of the naturalization examination;

(b) Assuming jurisdiction over the matter;

(c) Granting Plaintiff's application for naturalization pursuant to 8. U.S.C. § 1447 (b);

(d) In the alternative, ordering Defendants Keisler, Mueller, and United States of America to complete security checks within 60 days and ordering Defendants Gonzalez, Chertoff, and Quarantillo and United States of America to promptly render a decision, in a time period not to exceed 90 days, on Plaintiff's naturalization application;

(e) Granting Plaintiff reasonable attorney fee and costs under the Equal Access to Justice Act; and

(f) Granting such other and further relief at law and in equity that this Court deems just and proper.

Date: November 29, 2007
  New York, New York

            WONG, WONG & ASSOCIATS, P.C
            /s/_____
            BY:   JENNY ZHAO, (JZ3134)
            150 Broadway, 1588
            New York, NY 10038
            Tel: (212)566-8080
            Fax: (212) 566-8960
            Email: jhjzhao2001@yahoo.com
            Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

| | |
|---|---|
| WEIWEI LI | ECF CASE |
| Plaintiff | Index:    07-CV-10672 |
| -against- | Hon Magistrate Judge: Pitman |
| MICHAEL CHERTOFF. Secretary of the Department of Homeland Security | COMPLAINT FOR DECLARATORY JUDGEMENT IN THE NATURE OF MANDAMUS |
| EMILIO GONZALEZ, Director of U.S. Citizenship and Immigration Services | |
| ROBERT S. MUELLER, Director, Federal Bureau of Investigations, | |
| ANDREA QUARANTILLO, District Director, U.S. Citizenship and Immigration Services, NEW YORK | |
| PETER KEISLER, Acting Attorney General of the United States, Department of Justice. | |
| UNITED STATES OF AMERICA | |
| Defendants | |

-------------------------------------------------------------X

**EXHIBIT LIST**
Exhibit 1 – USCIS Memo re: FBI name check.
Exhibit 2 – USCIS Fact Sheet re: Immigration Security Checks
Exhibit 3  – Copy of Permanent Resident Card
Exhibit 4 – Copy of N400 dated February 25, 2005
Exhibit 5 – Copy of Fingerprint Notification Reschedule Notice dated October 13,2005
Exhibit 6 – Copy of  Interview Results dated February 3, 2006.
Exhibit 7 – Copy of 1st Correspondence letter dated March 24,2006
Exhibit 8 – Copy of 2nd Correspondence letter dated May 31, 2006.
Exhibit 9 – Copy of USCIS responding letter dated June 6, 2006.
Exhibit 10 –Copy of 3rd Correspondence letter dated Sep 8, 2006 &USCIS responding letter dated September 14, 2006.
Exhibit 11– Copy of 4th Correspondence letter dated December 26, 2006.
Exhibit 12– Copy of 5th Correspondence letter dated January 18, 2007.
Exhibit 13– Copy of Reply from Congressman's office dated February 6, 2007.
Exhibit 14– Copy of USCIS responding letter dated February 7, 2007.

Exhibit 15– Copy of 2nd Fingerprint Notice dated February 7, 2007.
Exhibit 16– Copy of USCIS responding letter dated February 23, 2007.
Exhibit 17– Copy of 6th Correspondence letter dated April 23, 2007.
Exhibit 18– Copy of USCIS responding letter dated October 1, 2007.
Exhibit 19– Copy of Counsel's Inquiry dated October 16, 2007.
Exhibit 20– Copy of Counsel's Inquiry dated November 14, 2007.
Exhibit 21– Copy of USCIS's Response dated November 20, 2007.

*Office of Communications*
**U.S. Department of Homeland Security**



February 20, 2007

# USCIS Update

## USCIS CLARIFIES CRITERIA TO EXPEDITE FBI NAME CHECK
*Federal Litigation Removed as Sole Basis to Expedite Check*

WASHINGTON – U.S. Citizenship and Immigration Services (USCIS) is no longer routinely requesting the FBI to expedite a name check when the only reason for the request is that a mandamus (or other federal court petition) is filed in the case.

USCIS may continue to request an expedited FBI name check if the case meets one of the other approved criteria, including:

1. Military deployment,
2. Age-out cases not covered under the *Child Status Protection Act*, and applications affected by sunset provisions such as diversity visas,
3. Significant and compelling reasons, such as critical medical conditions, and
4. Loss of social security benefits or other subsistence at the discretion of the USCIS District Director.

The FBI name check is an invaluable part of the security screening process, ensuring that our immigration system is not used as a vehicle to harm our nation or its citizens. USCIS also requests an FBI name check to screen out people who seek immigration benefits improperly or fraudulently and ensure that only eligible applicants receive benefits.

Information about the FBI name check is available on the USCIS website at http://www.uscis.gov or by calling the USCIS National Customer Service Center toll free at 1-800-375-5283.

–USCIS –

On March 1, 2003, U.S Citizenship and Immigration Services became one of three legacy INS components to join the U.S. Department of Homeland Security.  USCIS is charged with fundamentally transforming and improving the delivery of immigration and citizenship services, while enhancing our nation's security.

*Press Office*
U.S. Department of Homeland Security



# Fact Sheet

April 25, 2006

## Immigration Security Checks—How and Why the Process Works

**Background**

All applicants for a U.S. immigration benefit are subject to criminal and national security background checks to ensure they are eligible for that benefit. U.S. Citizenship and Immigration Services (USCIS), the Federal agency that oversees immigration benefits, performs checks on every applicant, regardless of ethnicity, national origin or religion.

Since 2002, USCIS has increased the number and scope of relevant background checks, processing millions of security checks without incident. However, in some cases, USCIS customers and immigrant advocates have expressed frustration over delays in processing applications, noting that individual customers have waited a year or longer for the completion of their adjudication pending the outcome of security checks. While the percentage of applicants who find their cases delayed by pending background checks is relatively small, USCIS recognizes that for those affected individuals, the additional delay and uncertainty can cause great anxiety. Although USCIS cannot guarantee the prompt resolution of every case, we can assure the public that applicants are not singled out based on race, ethnicity, religion, or national origin.

USCIS strives to balance the need for timely, fair and accurate service with the need to ensure a high level of integrity in the decision-making process. This fact sheet outlines the framework of the immigration security check process, explaining its necessity, as well as factors contributing to delays in resolving pending cases.

**Why USCIS Conducts Security Checks**

USCIS conducts security checks for all cases involving a petition or application for an immigration service or benefit. This is done both to enhance national security and ensure the integrity of the immigration process. USCIS is responsible for ensuring that our immigration system is not used as a vehicle to harm our nation or its citizens by screening out people who seek immigration benefits improperly or fraudulently. These security checks have yielded information about applicants involved in violent crimes, sex crimes, crimes against children, drug trafficking and individuals with known links to terrorism. These investigations require time, resources, and patience and USCIS recognizes that the process is slower for some customers than they would like. Because of that, USCIS is working closely with the FBI and other agencies to speed the background check process. However, USCIS will never grant an immigration service or benefit before the required security checks are completed regardless of how long those checks take.

**Immigration Security Checks—How and Why the Process Works**

---

**How Immigration Security Checks Work**

To ensure that immigration benefits are given only to eligible applicants, USCIS adopted background security check procedures that address a wide range of possible risk factors. Different kinds of applications undergo different levels of scrutiny. USCIS normally uses the following three background check mechanisms but maintains the authority to conduct other background investigations as necessary:

- **The Interagency Border Inspection System (IBIS) Name Check**— IBIS is a multiagency effort with a central system that combines information from multiple agencies, databases and system interfaces to compile data relating to national security risks, public safety issues and other law enforcement concerns. USCIS can quickly check information from these multiple government agencies to determine if the information in the system affects the adjudication of the case. Results of an IBIS check are usually available immediately. In some cases, information found during an IBIS check will require further investigation. The IBIS check is not deemed completed until all eligibility issues arising from the initial system response are resolved.

- **FBI Fingerprint Check**—FBI fingerprint checks are conducted for many applications. The FBI fingerprint check provides information relating to criminal background within the United States. Generally, the FBI forwards responses to USCIS within 24-48 hours. If there is a record match, the FBI forwards an electronic copy of the criminal history (RAP sheet) to USCIS. At that point, a USCIS adjudicator reviews the information to determine what effect it may have on eligibility for the benefit. Although the vast majority of inquiries yield no record or match, about 10 percent do uncover criminal history (including immigration violations). In cases involving arrests or charges without disposition, USCIS requires the applicant to provide court certified evidence of the disposition. Customers with prior arrests should provide complete information and certified disposition records at the time of filing to avoid adjudication delays or denial resulting from misrepresentation about criminal history. Even expunged or vacated convictions must be reported for immigration purposes.

- **FBI Name Checks**—FBI name checks are also required for many applications. The FBI name check is totally different from the FBI fingerprint check. The records maintained in the FBI name check process consist of administrative, applicant, criminal, personnel and other files compiled by law enforcement. Initial responses to this check generally take about two weeks. In about 80 percent of the cases, no match is found. Of the remaining 20 percent, most are resolved within six months. Less than one percent of cases subject to an FBI name check remain pending longer than six months. Some of these cases involve complex, highly sensitive information and cannot be resolved quickly. Even after FBI has provided an initial response to USCIS concerning a match, the name check is not complete until full information is obtained and eligibility issues arising from it are resolved.

For most applicants, the process outlined above allows USCIS to quickly determine if there are criminal or security related issues in the applicant's background that affect eligibility for immigration benefits. Most cases proceed forward without incident. However, due to both the sheer volume of security checks USCIS conducts, and the need to ensure that each applicant is thoroughly screened, some delays on individual applications are inevitable. Background checks may still be considered pending when either the FBI or relevant agency has not provided the final response to the background check or when the FBI or agency has provided a response, but the response requires further investigation or review by the agency or USCIS. Resolving pending cases is time-consuming and labor-intensive; some cases legitimately take months or even

**Immigration Security Checks—How and Why the Process Works**

---

several years to resolve. Every USCIS District Office performs regular reviews of the pending caseload to determine when cases have cleared and are ready to be decided. USCIS does not share information about the records match or the nature or status of any investigation with applicants or their representatives.





Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| Receipt | | | | NOTICE DATE<br>September 16, 2005 |
|---|---|---|---|---|
| CASE TYPE<br>N400    Application For Naturalization | | | | INS A#<br>A 075 967 549 |
| APPLICATION NUMBER<br>ESC*001486391 | RECEIVED DATE<br>September 09, 2005 | PRIORITY DATE<br>September 09, 2005 | | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS
WEIWEI LI
355 BARD AVENUE APT #1H
STATEN ISLAND NY 10310

PAYMENT INFORMATION:

Single Application Fee:         $390.00
Total Amount Received:       $390.00
Total Balance Due:                  $0.00

The above application has been received by our office and is in process. Our records indicate your personal information is as follows:

Date of Birth:                April 02, 1971
Address Where You Live:   355 BARD AVENUE APT #1H
                          STATEN ISLAND NY 10310

Please verify your personal information listed above and immediately notify our office at the address or phone number listed below if there are any changes.

You will be notified of the date and place of your interview when you have been scheduled by the local INS office. You should expect to be notified within 540 days of this notice.

If you have any questions or comments regarding this notice or the status of your case, please contact our office at the below address or customer service number. You will be notified separately about any other cases you may have filed.

If you have other questions about possible immigration benefits and services, filing information, or INS forms, please call the INS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call the NCSC TDD at 1-800-767-1833.

If you have access to the Internet, you can also visit INS at www.ins.usdoj.gov. Here you can find valuable information about forms and filing instructions, and about general immigration services and benefits. At present, this site does not provide case status information.

**INS Office Address:**
US IMMIGRATION AND NATURALIZATION SERVICE
75 LOWER WELDEN STREET
ST ALBANS VT 05479-

**INS Customer Service Number:**
(800) 375-5283

APPLICANT COPY

ESC*001465220



## THE UNITED STATES OF AMERICA

| Fingerprint Notification | | | NOTICE DATE<br>September 28, 2005 |
|---|---|---|---|
| CASE TYPE<br>N400   Application For Naturalization | | | INS A#<br>A 075 967 549 |
| APPLICATION NUMBER<br>ESC*001486391 | RECEIVED DATE<br>September 09, 2005 | PRIORITY DATE<br>September 09, 2005 | PAGE<br>1 of 1 |

APPLICANT NAME AND MAILING ADDRESS

WEIWEI LI
355 BARD AVENUE APT #1H
STATEN ISLAND NY 10310



..lllll...ll...lll...

To process your application, INS must take your fingerprints and have them cleared by the FBI. **PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE APPOINTED DATE AND TIME TO HAVE YOUR FINGERPRINTS TAKEN.** If you are unable to appear at this time, you may go on any following Wednesday at the same time noted below, as long as you appear before 01/05/2006. If you do not have your fingerprints taken by that date, your application will be considered abandoned.

| APPLICATION SUPPORT CENTER<br>INS NEW YORK VARICK ST<br>201 VARICK STREET<br>1023<br>NEW YORK NY 10014 | DATE AND TIME OF APPOINTMENT<br>10/13/2005<br>09:00 AM |
|---|---|

WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR FINGERPRINTS TAKEN, YOU MUST BRING:

1. **THIS APPOINTMENT NOTICE** and
2. **PHOTO IDENTIFICATION.** Naturalization applicants must bring their Alien Registration Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID. If you appear without proper identification, you will not be fingerprinted.

**PLEASE DISREGARD THIS NOTICE IF YOUR APPLICATION HAS ALREADY BEEN GRANTED.**

### WARNING!

*Due to limited seating availability in our lobby areas, only persons who are necessary to assist with transportation or completing the fingerprint worksheet should accompany you.*

If you have any questions regarding this notice, please feel free to call 1-800-375-5283.

BIOMETRICS PROCESSING STAMP
ASC SITE CODE: YNK
BIOMETRICS QA REVIEW BY:
— ON —
TENPRINTS QA REVIEW BY:
(signature) ON 10/13/05

APPLICANT COPY

Form I-797C (Rev. 01/31/05) N